CALVIN ANTJUAN LEGGETT,

        Plaintiff,

        v.                                            Case No. 24-C-843

GABRIET UMENTUM, et al.,

        Defendants.

## DECISION AND ORDER

        Plaintiff Calvin Antjuan Leggett, who is representing himself, is proceeding on First and Eighth Amendment claims against Defendants Captain Gabriel Umentum, Correctional Officer Kristin Abitz, and HSU Staff Jane Doe in connection with events that allegedly occurred at the Fox Lake Correctional Institution on March 26, 2023. Dkt. Nos. 7-8. In particular, Plaintiff alleged that Captain Umentum used excessive force during a prison transport by painfully twisting his injured arm and shoulder behind his back and then filed a retaliatory conduct report following the use of force because Plaintiff refused to drop a pending lawsuit. Dkt. No. 8 at 3-5. He also alleged that HSU Staff Jane Doe refused to see him for his injured arm because he did not have a "blue slip," despite the fact that it was clear he was in excruciating pain, and that CO Abitz refused to provide a "blue slip" for Plaintiff to seek medical services for his injured arm and shoulder.

        On March 5, 2025, Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies prior to bringing this lawsuit. Dkt. No. 20. Defendants argued that Plaintiff did not file any inmate complaints in connection with a March 26, 2023 incident at the institution. Dkt. Nos. 21-22. In response, Plaintiff acknowledges that he accidently

misidentified the year in his original complaint. Dkt. Nos. 29-33. He explains that the events giving rise to this lawsuit occurred on March 26, **2024** (not March 26, **2023**); and he identifies FLCI-2024-4939 as the inmate complaint that fully exhausts his claims against Defendants. *See* Dkt. No. 23-3. On April 21, 2025, Plaintiff filed a motion for leave to file a second amended complaint to correct the year on the complaint. Dkt. No. 33. For the reasons explained below, the Court finds that Defendants did not meet their burden to show that Plaintiff failed to exhaust his administrative remedies prior to bringing this lawsuit. Therefore, the Court will deny Defendants' motion for summary judgment and will also deny as unnecessary Plaintiff's motion for leave to file a second amended complaint.

**UNDISPUTED FACTS**

On April 1, 2024, Plaintiff filed inmate complaint FLCI-2024-4939 alleging that, on March 27, 2024, "Captain Umentum and the 2 COs he brought with him to unit 2C to take me to Unit 8 . . . used excessive force and retaliation." Dkt. No. 23-3 at 11. Plaintiff asserted that the officers twisted his arm, improperly used a taser, then denied him medical care for his injured shoulder afterwards. *Id*. Plaintiff alleged that Captain Umentum later told him that, if he did not drop the lawsuit against "Jeremy," he would get a conduct report. *Id*. at 13. Plaintiff alleged that he went to the HSU, and HSU Staff Jane Doe turned him away because he did not have a "blue slip." *Id*. at 11. Plaintiff asked for an ice pack in the meantime, and HSU Staff Jane Doe said no. *Id*. Plaintiff explained, "I returned to my unit and informed Sergeant Abitz that I was turned away from HSU though my shoulder was in excruciating pain. She said she would call HSU and get me a 'blue slip' once lunch was completed" but she never did. *Id*.

The Institution Complaint Examiner (ICE) identified two issues in the inmate complaint— excessive force and retaliation—and recommended dismissing the inmate complaint because

2

videotape evidence did not appear to show Captain Umentum using unreasonable force. *Id*. at 2. The ICE also noted that staff did not know who "Jeremy" was, so the retaliation claim lacked merit. *Id*. The ICE did not address the allegations against HSU Staff Jane Doe or CO Abitz. *See id*. On May 19, 2024, Plaintiff appealed, and the Corrections Complaint Examiner (CCE) recommended dismissing the appeal because the matter was appropriately addressed. *Id*. at 6. The Office of the Secretary (OOS) adopted the CCE's recommendation and dismissed the appeal on June 3, 2024. *Id*. at 7.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co*., 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

ANALYSIS

Under the Prison Litigation Reform Act (PLRA), "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). "The primary justification for requiring prisoners to exhaust administrative remedies is to give the prison an opportunity to address the problem *before* burdensome litigation is filed." *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020). "To satisfy the exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances." *Id.* (citing *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019)).

Wisconsin has established the Inmate Complaint Review System (ICRS) to raise inmate complaints in connection with employee actions that personally affect the inmate or the institution environment. Wis. Admin. Code §DOC 310.06(1). Under the ICRS, an inmate must file a complaint with the ICE within 14 days of the relevant occurrence. §DOC 310.07(2). "Each complaint may contain only one clearly identified issue." §DOC 310.07(5). "A complaint must contain sufficient information for the department to investigate and decide the complaint." §DOC 310.07(6). The inmate complaint "need not lay out the facts, articulate legal theories, or demand particular relief." *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). But the inmate complaint must "alert[] the prison to the nature of the wrong for which redress is sought." *Id.* at 650. The inmate complaint must provide enough facts to give defendants "notice of, and an opportunity to correct, a problem." *Price v. Friedrich*, 816 F. App'x 8, 10 (7th Cir. 2020) (quoting *Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020)). The ICE may "return" an inmate complaint if it contains more than one issue. *See* §DOC 310.10(5). "Inmates shall be given one opportunity to

4

correct and resubmit the returned complaint." *Id*. But, if the institution ignores a procedural issue, and resolves the complaint on the merits, "then the claim has been exhausted." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005) (citing *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004)).

Defendants first argue that Plaintiff failed to exhaust administrative remedies because he did not file any inmate complaints about a March 26, 2023 incident. Dkt. No. 21. In response, Plaintiff acknowledges that he accidently misidentified the year in his original complaint. Dkt. Nos. 29-31. He states that the incident actually occurred on March 26, **2024** (not March 26, 2023) and, as he also alleged in his complaint, he timely filed inmate complaint FLCI-2024-4939 on April 1, 2024, within 14 days of the incident, as required by §DOC 310.07(2). *See* Dkt. No. 23-3. Plaintiff has filed a motion for leave to file a second amended complaint to correct the date, but the Court will deny that motion as unnecessary. Plaintiff accidently identified the wrong year in his original complaint and that error has now been identified and corrected. The Court takes notice of the fact that the operative complaint contains a typographical error, the record will reflect that the correct date of the incident is March 26, 2024, and the Court will allow Plaintiff to proceed on his First and Eighth Amendment claims regarding the March 26, 2024 incident. In doing so, the Court will save the time and expense of issuing a new screening order and having the defendants file a new answer. Of course, if the change affects their defense in any way, the defendants remain free to file an amended answer within fourteen days of this order.

Defendants argue that Plaintiff failed to exhaust administrative remedies related to the March 26, 2024 incident because Plaintiff improperly raised more than one issue in inmate complaint FLCI-2024-4939 and the ICE never addressed the allegations regarding HSU Staff Jane Doe and CO Abitz' failure to provide medical care. Dkt. No. 32. However, the institution is bound by its own rules. The ICRS provides that, if an inmate raises more than one issue in an inmate

complaint, the ICE may "return" it with instructions on how to correct the issue. §DOC 310.10(5). But, if the ICE chooses to ignore a procedural error and move forward with resolving the inmate complaint on the merits, then exhaustion is satisfied. *Conyers*, 416 F.3d at 584. Here, Plaintiff clearly and unambiguously complained about HSU Staff Jane Doe and CO Abitz' conduct in connection with his medical care in his inmate complaint. *See* Dkt. No. 23-3 at 11 ("I returned to my unit and informed Sergeant Abitz that I was turned away from HSU though my shoulder was in excruciating pain. She said she would call HSU and get me a 'blue slip' once lunch was completed" but never did). If the ICE believed that Plaintiff had improperly raised more than one issue in his inmate complaint, it should have returned the inmate complaint under §DOC 310.10(5) with instructions on how to refile it correctly. But the ICE did not do this. Instead, it chose to address the inmate complaint on the merits. The ICE only addressed two out of three issues, ignoring the third issue involving HSU Staff Jane Doe and CO Abitz. That was a decision the ICE made, but it does not mean that Plaintiff failed to give the institution adequate notice or opportunity to resolve his complaint about HSU Staff Jane Doe and CO Abitz' conduct. Defendants have therefore failed to meet their burden to show that Plaintiff failed to exhaust administrative remedies, and the Court will deny their motion for summary judgment on exhaustion grounds.

## CONCLUSION

For these reasons, Defendants' motion for summary judgment based on failure to exhaust administrative remedies (Dkt. No. 20) is **DENIED**. Plaintiff's motion to file a second amended complaint (Dkt. No. 33) is **DENIED** as unnecessary. The Court takes notice of the fact that the operative complaint contains a typographical error, the record will reflect that the correct date of the incident is March 26, 2024, and the Court will allow Plaintiff to proceed on his First and Eighth Amendment claims regarding the March 26, 2024 incident. Defendants may file an amended

answer if the amended date affects their defense within fourteen days of this order, but otherwise need not do so. Unless otherwise ordered, the discovery cut-off is June 3, 2025, and the dispositive motion deadline remains July 7, 2025.

    **SO ORDERED** at Green Bay, Wisconsin this 27th day of May, 2025.

_William C. Griesbach_
William C. Griesbach
United States District Judge